# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMER B. GARRETT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-CV--290-CVE-PJC |
| BRIAN R. HUDDLESTON and CARLOTTA GORDON, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendants' Motion to Dismiss and Brief in Support (Dkt. # 5). Defendants Brian R. Huddleston and Carlotta Gordon ask the Court to dismiss plaintiff's claims for lack of subject matter jurisdiction. Plaintiff has not responded to defendants' motion to dismiss.[1] Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally when considering the allegations of his complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On May 11, 2011, plaintiff filed this case alleging that defendants violated his constitutional rights by conspiring to deprive him of property. He claims that his son, Dwayne Garrett, was

---

[1] The Court notes that plaintiff filed a prior lawsuit asserting the same claims against defendants. Delmer B. Garrett v. Brian R. Huddleston and Carlotta Gordon, 11-CV-273-CVE-TLW (N.D. Okla). The Court sua sponte dismissed that case for lack of subject matter jurisdiction. Plaintiff filed this case objecting to the sua sponte dismissal and he stated that "[r]ather than having an opinion from a judge, I would like to have Mr. Huddleston to answer the petition." Dkt. # 1, at 2. Defendants have filed a motion to dismiss and the Court has given plaintiff over two months to respond to the motion, and plaintiff has not filed a response.

formerly married to Gordon, and Huddleston represented Gordon in divorce proceeding to dissolve the marriage between Dwayne Garrett and Gordon.[2] Dkt. # 1, at 1. From the documents attached to plaintiff's complaint, it appears that he is arguing that he purchased a parcel of real property and built a home on the real property, and the state court erred by treating the real property as an asset of Dwayne Garrett and Gordon during the divorce proceedings. See Dkt. # 1, at 1-2. The divorce decree shows that the real property was purchased during Dwayne Garrett's and Gordon's marriage, and Dwayne Garrett's interest in the property was considered marital property by the state court that issued the divorce decree.[3] Dkt. # 1, at 13.

Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to

---

[2] To the extent the Court may have implied in a prior opinion and order that plaintiff and Gordon were formerly married, the Court notes that this was incorrect and the parties to the divorce proceedings were Dwayne Garrett and Gordon. However, this fact also shows that plaintiff was not a party to the divorce proceeding and contributes to the frivolous nature of his claims against Gordon and Huddleston.

[3] Plaintiff has attached a warranty deed to his complaint showing that Dwayne Garrett and Ruth Garrett, plaintiff's deceased wife, purchased the property as joint tenants. Dkt. # 1, at 20. The state court awarded Gordon the full extent of Dwayne Garrett's interest in the property, and did not dispose of any rights to the property held by Ruth Garrett or her heirs. Id. at 13.

2

challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, defendants have facially attacked the sufficiency of the complaint's allegations as to the existence of subject matter jurisdiction. In analyzing such motions to dismiss, the Court must presume all of the allegations contained in the complaint to be true. Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). This is the same standard of review applied to motions arising under Fed. R. Civ. P. 12(b)(6). See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

Although plaintiff objects to the Court's decision to dismiss his prior lawsuit, he has not added any new factual allegations or legal claims in this case that would support the exercise of federal jurisdiction. In the prior lawsuit, the Court held:

> Plaintiff's complaint does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiff's pro se status, the Court can not permit plaintiff to proceed with the lawsuit if the Court lacks subject matter jurisdiction over his claims. Plaintiff has not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. Construing plaintiff's allegations broadly, it appears that he is asserting a trespassing claim against Gordon and Huddleston for claiming a right to plaintiff's former real property that was awarded to Gordon in divorce proceedings. The Tenth Circuit has considered nearly identical claims and found that such claims are not cognizable under 42 U.S.C. § 1983 for two reasons. First, neither Gordon nor Huddleston are state actors for the purpose of a § 1983 claim. Read v. Klein, 1 Fed. Appx. 866, 870-71 (10th Cir. Jan. 9, 2001) (former husband could not sue ex-wife and her attorney for obtaining a divorce decree by default, because neither the wife nor her attorney became state actors merely by filing a civil lawsuit in state court).[4] Second, the divorce decree is a valid state court judgment and plaintiff is barred from bringing a claim in federal court that would

---

[4] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

> directly challenge the validity of that judgment. Id. at 869. Plaintiff is asking the Court to set aside a divorce decree issued by a state court and determine that he is entitled to a particular piece of property awarded to Gordon in the divorce proceedings, but plaintiff may obtain this relief only through an appeal to an appropriate Oklahoma appellate court. It is clear that plaintiff has not stated a federal claim against Gordon and Huddleston and, under § 1331, a case invoking federal jurisdiction may be dismissed "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Thus, the Court lacks subject matter jurisdiction over this case and plaintiff's claims should be dismissed.

Delmer B. Garrett v. Brian R. Huddleston and Carlotta Gordon, 11-CV-273-CVE-TLW (N.D. Okla.), Dkt. # 4, at 3-4. The same reasoning applies in this case and the Court lacks subject matter jurisdiction over the claims alleged by plaintiff. To the extent that plaintiff may be asserting any state law claims, the Court declines to exercise supplemental jurisdiction over any state law claim that plaintiff intended to assert in his complaint. See 28 U.S.C. § 1367.

Plaintiff has filed numerous cases involving the same or similar issues and each of the cases has been dismissed for lack of subject matter jurisdiction. See Delmer B. Garrett v. Washington County et al., 11-CV-168-GKF-TLW (N.D. Okla.), Dkt. # 17; Delmer B. Garrett v. George Johnson et al., 11-CV-223-GKF-FHM (N.D. Okla.), Dkt. # 10; Delmer B. Garrett v. Brian R. Huddleston and Carlotta Gordon, 11-CV-273-CVE-TLW (N.D. Okla.), Dkt. # 4. Plaintiff has repeatedly been advised that the Court lacks subject matter jurisdiction over his claims and the frivolous and vexatious nature of his cases gives rise to an inference that he is filing these cases merely to harass the defendants. Should plaintiff file any future lawsuits concerning the same or similar subject matter, he will be subject to an appropriate sanction for filing a frivolous lawsuit. See Fed. R. Civ. P. 11.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Brief in Support (Dkt. # 5) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 18th day of July, 2011.

*Claire V Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT